FILED -PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JESSIE BARNES, 97-B-1784,

               Petitioner,

-v-

VICTOR HERBERT, Superintendent,
Attica Correctional Facility,
               Respondent.

DECISION AND ORDER
01-CV-6448CJS(B)

## INTRODUCTION

Petitioner Jessie Barnes, acting *pro se*, seeks relief pursuant to 28 U.S.C. § 2254, alleging that his convictions in two prison disciplinary hearings held at Attica Correctional Facility, State of New York, were unconstitutionally obtained. The petition has been timely filed for purposes of 28 U.S.C. § 2244(d)(1). For the reasons stated below, the Court denies the petition and dismisses the action.

## BACKGROUND

Prior to the disciplinary hearings challenged here, petitioner was forcibly removed from a disciplinary hearing that he later successfully overturned through a state court challenge. Nevertheless, petitioner received three misbehavior reports concerning his alleged confrontation during the forcible removal, which resulted in a disciplinary hearing on August 13, 1999. A second disciplinary hearing, resulting from a separate hearing at which petitioner was to testify as a witness, began on September 24, and concluded on October 4, 1999.

In the amended petition (Docket No. 14), petitioner alleges that the August proceeding was unconstitutional because the hearing was based on retaliation, he was

denied an opportunity to present a defense and to call witnesses, the entire hearing was not electronically recorded, and that the hearing officer was biased. With respect to the September/October proceeding, petitioner alleges that he was improperly denied his right to attend the hearing, that he was denied the opportunity to call witnesses, that the hearing officer was biased, and that the sentence imposed (two years in SHU) was not supported by the evidence.

Petitioner appealed the determinations following each of the hearings, and pursued available state court challenges. He asserts that he exhausted his claims, and submitted exhibits to establish his claims. Respondent raises a number of procedural bars to the determination of petitioner's claims on the merits, and also argues that the claims are without merit.

Petitioner commenced this action by mailing in the original petition, which was executed on August 31, 2001 (Docket No. 1). Petitioner was released from the SHU at the end of the second disciplinary sentence, on September 14, 2001 (Docket No. 19). Petitioner was discharged from state custody on January 7, 2005, following completion of his state sentence.

## DISCUSSION

Inasmuch as petitioner is proceeding *pro se*, this Court will construe the petition liberally. See *Fleming v. U.S.*, 146 F.3d 88, 90 (2d Cir. 1998). Based on a review of petitioner's amended petition and supporting papers, the Court concludes that petitioner has exhausted his state court remedies. Nevertheless, habeas corpus review is not available to petitioner if he is not "in custody" pursuant to the disciplinary determinations he challenges. Additionally, habeas relief cannot be granted if petitioner cannot satisfy the

case-or-controversy requirement of Article III, Section 2, of the Constitution. "A case becomes moot if, at any stage of the proceedings, it fails to satisfy the case-or-controversy requirement of Article III, Section 2, of the Constitution." *Kamagate v. Ashcroft*, 385 F.3d 144, 150 (2d Cir. 2004) (citing *Spencer v. Kemna,* 523 U.S. 1, 7 (1998); *accord Marrero Pichardo v. Ashcroft,* 374 F.3d 46, 51 (2d Cir. 2004); *Swaby v. Ashcroft,* 357 F.3d 156, 159-60 (2d Cir. 2004)).

Habeas corpus review is available only to persons in custody in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. §2254(a). It is well settled that the use of habeas corpus is not limited to "actual, physical custody," and is equally available to parolees. *Jones v. Cunningham*, 371 U.S. 236, 240-41 (1963). The custody requirement has been held to include situations in which a petitioner's sentence has fully expired, but he continues to be subject to collateral consequences of the conviction. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

The Supreme Court addressed both the issues of what constitutes "in custody" and "case-or-controversy" for purposes of a writ of habeas corpus in *Spencer v. Kemna*, 523 U.S. 1 (1998). "Once the convict's sentence has expired, ..., some concrete and continuing injury other than the now-ended incarceration or parole--some 'collateral consequence' of the conviction--must exist if the suit is to be maintained." *Spencer,* 523 at 7. "The Court held that, although the petition was filed before the petitioner's incarceration had terminated, the expiration of his sentence rendered the petition moot, because the petitioner had not suffered collateral consequences from the revocation sufficient to meet Article III's injury-in-fact requirement." *Huang v. Johnson*, 251 F.3d 65, 74 (2d Cir. 2001) (citing U.S. Const. art. III, § 2, cl. 1; *Spencer,* 523 U.S. at 14-16).

Where a petition challenges a proceeding that is separate from the underlying criminal conviction, petitioner "has the burden of demonstrating the existence of a continuing adverse legal consequence stemming from the decision he is challenging." *U.S. v Probber,* 170 F.3d 345, 348 (2d Cir. 1999) (citing *Spencer,* 523 U.S. at 13-14).[1] In *Probber*, petitioner claimed that the revocation of his supervised release subjected him to collateral consequences because "the finding (1) adversely affects his reputation, (2) could be used against him as character and/or impeachment evidence in future criminal or civil proceedings, (3) could be used to support an upward departure in any subsequent sentencing under the United States Sentencing Guidelines, and (4) makes it more likely that he will be convicted erroneously in the future." *Id.* at 348-49. The Court found that these concerns were too speculative to establish a case or controversy. *Id.* at 349. Likewise, no non-speculative collateral consequences are present in this action.

Here, while petitioner was in SHU when he filed the petition, the sentences imposed by the disciplinary hearings expired within days of the commencement of the action. While incarcerated, however, petitioner could argue that he was still "in custody" on the disciplinary hearing determinations because his overall incarceration was extended through the loss of good time. Nevertheless, such a collateral consequence no longer is present in the action because he has been released upon maximum expiration of his sentence. He is currently at liberty, and not on parole. Now that the underlying sentence has expired, petitioner is not

---

[1] To the extent that challenges to the underlying conviction may be entitled to a presumption of collateral consequences, *see, e.g., Perez v. Greiner,* 296 F.3d 123, 125 (2d Cir. 2002) (quoting *Sibron v. New York,* 392 U.S. 40, 57 (1968)) (A habeas petition that challenges the criminal conviction "is rendered moot by a release from imprisonment 'only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction.'"), the challenges to proceedings other than the underlying criminal convictions, such as the proceedings contested here, are not. And, in any event, there is no longer any possibility of collateral consequences stemming from the disciplinary hearings.

subject to any non-speculative adverse consequence that results from the hearing determinations. Therefore, there is no longer a sufficient controversy on which to proceed. Accordingly, the Court must dismiss this habeas petition as moot.

## CONCLUSION

For the above stated reasons, this petition for habeas corpus relief is denied, and the action is dismissed. Further, because the issues raised in the petition are not the type that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, this Court concludes that the petition presents no federal question of substance worthy of attention from the Court of Appeals and, therefore, pursuant to 28 U.S.C. § 2253 and Fed. R. App. P. 22(b), this Court denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962). Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: MAY 26, 2005
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge